IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Jermaine Charles Duffy, | ) C/A No. 2:14-2694-JMC-WWD |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| | ) |
| Travis Bragg, *Warden, Bennettsville FCI*, | ) |
| | ) |
| Respondent. | ) |
| | ) |
| _____ | ) |

Petitioner, Jermaine Charles Duffy ("Petitioner"), is a federal prisoner at the Federal Correctional Institution in Bennettsville, South Carolina ("FCI Bennettsville"). Petitioner, proceeding pro se and in forma paupers, filed this Petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the 300-month sentence imposed upon him by the United States District Court for the Northern District of Georgia. (See Dkt. No. 1 at 2-3 of 10.) This matter is before the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (DSC) for initial screening.

## PRO SE HABEAS REVIEW

Under established local procedure in this judicial district, a careful review has been made of this Petition pursuant to the Rules Governing Section 2254 Cases in the United States District Courts,[1] the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. Pro se petitions are held to a less stringent standard than those drafted by attorneys; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978); and a federal court is charged with liberally

---

[1] The Rules Governing Section 2254 Cases are applicable to habeas actions brought under § 2241. See Rule 1(b).

construing a petition filed by a pro se litigant to allow the development of a potentially-meritorious case. Erickson v. Pardus, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se petition, the petitioner's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390-91 (4th Cir. 1990). Such is the case here.

## FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is challenging his enhanced sentence, imposed pursuant to 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA"), after a jury convicted him of violating 18 U.S.C. § 922(g), i.e. being a felon in possession of a weapon.[2] On February 3, 2009, the

---

[2] The ACCA imposes a mandatory minimum fifteen-year sentence on felons who have three or more previous convictions for "a violent felony or a serious drug offense, or both," who unlawfully possess, among other things, firearms. See 18 U.S.C. § 924(e). Title 18, United States Code, Section 924(e) provides, in relevant part,
   (e)(1) In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony *or* a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).
   (2) As used in this subsection–
      (A) the term "serious drug offense" means–
         (i) an offense under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46, for which a maximum term of imprisonment of ten years or more is prescribed by law; or
         (ii) an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law;

United States Court of Appeals for the Eleventh Circuit affirmed Petitioner's conviction and sentence. See United States v. Duffy, 315 F. App'x 216 (11th Cir. 2009). Petitioner alleges in his current petition that his § 2255 motion was dismissed by the United States District Court for the Northern District of Georgia on June 16, 2010. (See Dkt. No. 1 at 4 of 10.)

In the instant § 2241 petition, Petitioner challenges the § 924(e) enhancement of his sentence. (See generally Dkt. No. 1; Dkt. No. 1-1.) Petitioner alleges his sentence was "enhanced under 924(e) utilizing a prior conviction under Georgia state that does not qualify, O.C.G.A. § 16-8-2, theft by taking, as a crime of violence." (Dkt. No. 1 at 8 of 10.) Petitioner contends that his sentence exceeds the statutory maximum because his conviction of "theft by taking . . . qualifies for a modified categorical approach," and does not constitute a crime of violence. (Dkt. No. 1 at 8 of 10; Dkt. No. 1-1 at 3 of 9.) In arguing the conviction does not constitute a crime of violence, Petitioner states,

> I would argue that theft by taking in my case is distinguishable from other such cases of it's [sic] kind as the car in question belonged to my mother, . . . and that the elements fo "risk of physical injury" and "risk of physical force" are not applicable, as my mother was asleep and in no danger, actual or potential, when I took they keys from her purse, . . . as there was no confrontation. I've never been violent toward my mother and in fact, she didn't realize the car was gone until the next day. I would also argue that the

---

(B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that–
    (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
    (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another; and
(C) the term "conviction" includes a finding that a person has committed an act of juvenile delinquency involving a violent felony.
18 U.S.C. § 924 (e) (emphasis added).

stealthy manner in which I obtained the keys is indicative of my intent to avoid confrontation with my mother; hence mitigating, if not dispelling completely, any element of potential violence.

(Dkt. No. 1-1 at 3-4 of 9.) Petitioner asserts the conviction should not have served to enhance his sentence because "there was never a potential for physical injury, physical force, nor was there any actual use of force . . . ." (Id. at 4 of 9.) Petitioner seeks to have his "unconstitutional sentence" vacated, and to be resentenced "without the § 924(e) enhancement being applied." (Id. at 8 of 9.)

## DISCUSSION

"[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (citing In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc)).  A § 2255 motion must be brought in the sentencing court. Generally speaking, a "a § 2255 motion 'attacks the legality of detention,'" whereas "a § 2241 petition 'attacks the execution of a sentence rather than its validity.'" Brown v. Rivera, Civ. A. No. 9:08-cv-3177-PMD-BM, 2009 WL 960212, at *2 (D.S.C. Apr. 7, 2009) (quoting Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996), and citing United States v. Miller, 871 F.2d 488, 489-90 (4th Cir. 1989)). A petition pursuant to § 2241 must be brought against the warden of the facility where the prisoner is being held. 28 U.S.C. § 2241(a); Rumsfeld v. Padilla, 542 U.S. 426 (2004).[3]  Because Petitioner is currently incarcerated in the District of South Carolina, this

---

[3] A § 2241 habeas petition generally challenges the execution or implementation of a federal prisoner's sentence, such as parole matters, computation of sentence by prison officials, prison disciplinary actions, and prison transfers.  See United States v. Little, 392 F.3d 671, 678-80 (4th Cir. 2004); United States

4

§ 2241 petition was properly filed in this Court.[4] However, the threshold question in this case is whether Petitioner's claims are cognizable under § 2241.

Only if a federal prisoner can satisfy the savings clause of § 2255, may he pursue relief through a § 2241 habeas petition. See San-Miguel v. Dove, 291 F.3d 257, 260-61 (4th Cir. 2002); In re Jones, 226 F.3d 328, 333 (4th Cir. 2000).[5] The fact that relief under § 2255 is barred procedurally or by the gate-keeping requirements of § 2255 does not render the remedy of § 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332-33;

---

v. Miller, 871 F.2d 488, 489-90 (4th Cir. 1989) (distinguishing between attacks on the "computation and execution of the sentence [and] the sentence itself").

[4]At the same time he filed his § 2241 petition, Petitioner also filed a Motion "for a Change of Venue," citing 28 U.S.C. § 1404(a). (See Dkt. No. 3 at 1 of 4.) Petitioner's motion should be denied. Title 28, United States Code, Section 1404(a) states, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Petitioner's motion should be denied; the instant § 2241 petition could not have been brought in the United States District Court for the Northern District of Georgia, as Petitioner was incarcerated in South Carolina at the time he filed his petition. See Rumsfeld, 542 U.S. 426; see also United States v. Brye, 935 F. Supp. 2d 1319, 1332 n.3 (M.D. Fla. 2013) ("[A] district court sitting in the . . . Eleventh Circuit where the petitioner is not incarcerated would not have jurisdiction over a § 2241 petition transferred to it pursuant to § 1404(a) by a district court where the petitioner is incarcerated."); Kopeykin v. United States, Civ. A. No. 5:12-HC-2075-FL, 2012 WL 5395820, at *1 (E.D.N.C. Nov. 5, 2012) (overruling objection to change of venue in § 2241 petition to the district where the petitioner was confined); Hemphill v. Warden, Butner Fed. Corr. Complex, Civ. A. No. 1:12-827-CMC-SVH, 2012 WL 1952678, at *2 (D.S.C. Apr. 30, 2012), adopted at 2012 WL 1952256 (May 29, 2012) (dismissing § 2241 petition because the petitioner was confined in a different district); cf. Cochran v. English, Civ. A. No. 1:13-676-RMG, 2013 WL 2897013, at *2 (D.S.C. June 13, 2013) ("[T]o issue a writ, the court must have jurisdiction over the custodian, and jurisdiction exists only where the petitioner is confined. This Court does not have jurisdiction over the federal prison in Florida where Petitioner is confined and therefore her § 2241 petition is dismissed.") Furthermore, and as set forth herein, the instant petition is subject to summary dismissal. The undersigned therefore recommends denying the Motion "for a Change of Venue" (Dkt. No. 3). To the extent he seeks relief from a court located within the Eleventh Circuit, Petitioner should seek authorization from the United States Court of Appeals for th Eleventh Circuit pursuant to 28 U.S.C. § 2255(h) and 28 U.S.C. § 2244.

[5]The "savings clause" states:
> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

Chisholm v. Pettiford, Civ. A. No. 606-2032-PMD-WMC, 2006 WL 2707320, at *2 (D.S.C. Sept. 18, 2006); Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va. 2001) aff'd, 291 F.3d 257 (4th Cir. 2002), cert. denied, 537 U.S. 938 (2002).  To trigger the savings clause of § 2255(e), and proceed under § 2241, requires that

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Jones, 226 F.3d at 333-34.

Petitioner asserts that the "savings clause in § 2255(e) reaches [his] pure § 924(e)-Begay error claim of illegal detention above the statutory maximum penalty in § 924(a)." (Dkt. No. 1 at 8 of 10.) Petitioner asserts that § 2255 is "not adequate to test [his] continued detention" because of the "one year deadline that governs habeas corpus relief under 28 U.S.C. § 2255." (Dkt. No. 1-1 at 4 of 9.) Citing to Bryant v. Warden, 738 F.3d 1253 (11th Cir. 2013), Petitioner argues that he is entitled to proceed under § 2241. (Dkt. No. 1-1 at 6-7 of 9.)

The undersigned disagrees with Petitioner and therefore recommends that his § 2241 petition be dismissed. The Fourth Circuit has not extended the reach of the savings clause to petitioners who challenge only their sentences.  See United States v. Poole, 531 F.3d 263, 267 n.7 (4th Cir. 2008); see also Darden v. Stephens, 426 F. App'x 173, 174 (4th

6

Cir. 2011) (refusing to extend the savings clause to reach the petitioner's claim that he was actually innocent of being a career offender).

Petitioner does not allege that the conduct for which he was sentenced, i.e. being a felon in possession of a weapon in violation of 18 U.S.C. § 922(g), was rendered non-criminal by any substantive law change since the filing of his direct appeal. Further, Petitioner does not allege that he is or was factually innocent of his predicate convictions, which were considered by the sentencing court under § 924(e), which resulted in Petitioner's ACCA sentence enhancement. Accordingly, Petitioner is not entitled to proceed under § 2241.

## RECOMMENDATION

Based on the foregoing, it is recommended that Petitioner's Motion "for a Change of Venue" (Dkt. No. 3) be DENIED, and that the instant § 2241 Petition be dismissed without prejudice and without requiring Respondent to file a return. Petitioner's attention is directed to the important notice on the next page.

July 15, 2014
Charleston, South Carolina

WALLACE W. DIXON
UNITED STATES MAGISTRATE JUDGE

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk of Court
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).